074327.0699(207)                                    RMC:ads

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SANDSTONE NORTH, LLC, an Illinois limited liability company, SANDSTONE SOUTH, LLC, a former Illinois limited liability company, HOLLIS SHAFER, ALVIN F. MARSH, BEVERLY MARSH, MARSH ENTERPRISES doing business as SAND BURR FARMS, ALVIN F. MARSH TRUST, HENRY LIKES, MAXINE LIKES, GARY WESTERMEYER, TERESA WESTERMEYER, WESTERMEYER INDUSTRIES, INC., an Illinois corporation, FRED BARNETT,  ROBERTA BARNETT, JIMMIE GREGORY, and MARCELLA GREGORY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Indemnity Insurance Company of North America, by its

attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for

Declaratory Judgment against the Defendants, Sandstone North, LLC, an Illinois limited

liability company, Sandstone South, LLC, a former Illinois limited liability company, Hollis

Shafer, Alvin F. Marsh, Beverly Marsh, Marsh Enterprises doing business as Sand Burr

Farms, Alvin F. Marsh Trust, Henry Likes, Maxine Likes, Gary Westermeyer, Teresa Westermeyer, Westermeyer Industries, Inc., an Illinois corporation, Fred Barnett, Roberta Barnett, Jimmie Gregory, and Marcella Gregory, alleges the following:

### JURISDICTION

1.      The jurisdiction of this Court is premised upon 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

### VENUE

2.      Venue is premised upon 28 U.S.C. §1391 as the Defendants are residents of this District.

### THE PARTIES

3.       Indemnity Insurance Company of North America (hereinafter "IINA") is an insurance corporation organized under the laws of the State of New York, which maintains its principal place of business in Philadelphia, Pennsylvania, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.      Sandstone North, LLC (hereinafter "North") is an Illinois limited liability company, which maintains its principal place of business in Pittsfield, Illinois, and which at times herein relevant was the named insured on a certain policy of insurance issued by IINA.

Brian Bradshaw is a member of North and he is a citizen of the State of Illinois who resides in or near Pittsfield, Illinois.

5.　　Sandstone South, LLC (hereinafter "South") was an Illinois limited liability company, which maintained its principal place of business in Pittsfield, Illinois, and which at times herein relevant was the named insured on a certain policy of insurance issued by IINA. On October 22, 2009, South merged with North and the surviving entity was North. Brian Bradshaw and Eric Bradshaw were members of South.  Eric Bradshaw is a citizen of the State of Illinois and resides in or near Pittsfield, Illinois.

6.　　Hollis Shafer (hereinafter "Hollis") is a citizen of the State of Illinois and resides in or near Astoria, Illinois.  Hollis was a member of South and is a member of North.

7.　　Alvin F. Marsh and Beverly Marsh are citizens of the State of Illinois and reside in Jacksonville, Illinois. They are the principals of Marsh Enterprises, an Illinois corporation, with its principal place of business in Scott County, Illinois, which does business as Sand Burr Farms.  Alvin F. Marsh is also the Trustee of the Alvin F. Marsh Revocable Trust, created under Illinois law, which possesses property located in Scott County, Illinois.

8.　　Henry Likes and Maxine Likes are citizens of the State of Illinois, who reside in Scott County, Illinois.

9.　　Gary Westermeyer and Teresa Westermeyer are citizens of the State of Illinois, who reside in Scott County, Illinois. They operate Westermeyer Industries, Inc., an Illinois corporation, which has its principal place of business in Scott County, Illinois.

- 3 -

10.     Fred Barnett and Roberta Barnett are citizens of the State of Illinois, who reside in Scott County, Illinois.

11.     Jimmie Gregory and Marcella Gregory are citizens of the State of Illinois, who reside in Scott County, Illinois.

12.     Alvin F. Marsh, Beverly Marsh, Marsh Enterprises d/b/a Sand Burr Farms, Alvin F. Marsh Revocable Trust, Henry Likes, Maxine Likes, Gary Westermeyer, Teresa Westermeyer, Westermeyer Industries, Inc., Fred Barnett, Roberta Barnett, Jimmie Gregory and Marcella Gregory (hereinafter "the underlying plaintiffs")  are the plaintiffs in a certain action brought against North and Hollis (and others) in another Court, which action will be more fully described later herein, and who are nominal but interested parties to this declaratory judgment action.  IINA seeks no relief from the underlying plaintiffs, who have been joined herein as nominal party defendants solely in order to be bound by the judgment rendered in this cause.

## THE IINA POLICIES

13.     IINA issued its policy of insurance numbered FO-167573 to South as named insured.  The policy provided for Farmowners Liability Insurance, including Commercial General Liability Insurance, on a primary basis, for the effective period of November 12, 2008 to November 12, 2009.  A certified true and correct copy of the policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

- 4 -

14.     IINA issued its policy of insurance numbered FO-167543 to North as named insured.  The policy provided for Farmowners Liability Insurance, including Commercial General Liability Insurance, on a primary basis, for the effective period of November 12, 2008 to November 12, 2009. A certified true and correct copy of the policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

### THE UNDERLYING LITIGATION

15.     The underlying plaintiffs have filed an action for damages against North and Hollis in the Circuit Court of the 7th Judicial Circuit, Scott County, Illinois, under Cause No. 10 L 3.  A true and correct copy of the Second Amended Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

16.     The underlying plaintiffs seek damages from North and Hollis for bodily injury and other claims in connection with their operation of "swine factories" or confined animal feeding operations, involving approximately 7,500 hogs, on property adjacent to or in proximity with property owned by the underlying plaintiffs, who allege, among other things, that the Defendants herein intentionally disregarded their duties in connection with the proper handling and storage of animal waste and the maintenance of lagoons for hog urine, feces, afterbirth remnants, as well as other hazardous substances and materials, as well as the disposal of millions of gallons of hog waste generated each year, as well as the leakage, spillage, discharge and release of swine waste, the spreading of hog waste, the disposal of

dead hogs and the accumulation of dead animal carcasses without proper and timely disposal, all of which more fully appears in Pleading Exhibit C attached hereto.

## TENDER OF DEFENSE

17.　North and Hollis have made a demand on IINA to provide them with a defense for the action filed by the underlying plaintiffs. IINA initially accepted that tender subject to reservation and filed a declaratory judgment action in this court on September 16, 2010 under Cause No. 10 C 3236.

18.　North, South and their members withdrew their tender of defense and as a result the initial action was rendered moot and was dismissed on November 19, 2010.

19.　More than 3 years after the withdrawal of the initial tender, North and its members placed IINA on notice of the action and its status, namely, a letter of December 10, 2013 advised of a mediation on December 11, 2013 and a jury trial on January 6, 2014.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY DEFEND NORTH AND HOLLIS)

20.　IINA adopts and repeats the allegations of ¶¶ 1 through 19 as and for ¶ 20 hereof as though the same were fully set forth herein.

21.　While the IINA policies, Pleading Exhibits A and B, extend coverage for "bodily injury" or "property damage" as defined therein, the claims in the underlying action by the underlying plaintiffs do not involve "bodily injury" or "property damage" as those terms are defined.

22.    While the IINA policies, Pleading Exhibits A and B, extend coverage for "personal and advertising injury" as defined therein, the claims in the underlying action by the underlying plaintiffs do not involve "personal and advertising injury" as those terms are defined.

23.    IINA contends that North and Hollis are not entitled to any coverage under the policies because of one or more or all of the following reasons:

(a)    The Second Amended Complaint does not seek damages because of covered "bodily injury" as defined;

(b)    The Second Amended Complaint does not seek damages because of covered "property damage" as defined;

(c)    The Second Amended Complaint does not seek damages because of covered "personal and advertising injury" to which the policies apply;

(d)    The Second Amended Complaint does not involve an "occurrence," that is, accidental conduct but only intentional and non-accidental conduct causing alleged damages and losses;

(e)    That if the Second Amended Complaint alleges "bodily injury," "property damage," or "personal and advertising injury," then each and all of such claims are excluded by the pollution exclusion or one or more other exclusions in the policies;

(f)    North and its members breached the notice condition of the policies by notice given on December 10, 2013 of an action on file more than 3 years and less than one month prior to trial.

24.    The above contentions of IINA are, on information and belief, denied by North and Hollis who, in turn, contend that they are entitled to coverage under the IINA policies

of insurance. IINA, in turn, denies the contrary contentions of North and Hollis and each of them.

25.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Indemnity Insurance Company of North America, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A.      That Indemnity Insurance Company of North America has no duty or obligation to provide a defense to Sandstone North, LLC and Hollis Shafer for the action filed in the Circuit Court of the 7th Judicial Circuit, Scott County, Illinois, under Cause No. 10 L 3, under its policy of insurance numbered FO-167573.

B.      That Indemnity Insurance Company of North America has no duty or obligation to provide a defense to Sandstone South, LLC and Hollis

Shafer for the action filed in the Circuit Court of the 7th Judicial Circuit, Scott County, Illinois, under Cause No. 10 L 3, under its policy of insurance numbered FO-167543.

C.     That the Court grant Indemnity Insurance Company of North America such other and further relief as the Court deems fit and just under the circumstances.

D.     That Indemnity Insurance Company of North America be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

**/s/ Robert Marc Chemers**
Robert Marc Chemers
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone:     (312) 578-7548
Fax:               (312) 346-8242
E-Mail:   rchemers@pretzel-stouffer.com
***Attorneys for Plaintiff***