E-FILED
Wednesday, 15 January, 2020 12:37:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 16-cv-3298 |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 14-cv-3040 |
| HOLLIS SHAFER et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

This matter comes before the Court on Indemnity Insurance Company of North America's (Indemnity) Motion for Reconsideration Under Rule 59(e) Regarding (I) Finding of Equitable Contribution

Liability During Period of Deactivation; and (II) Findings Pertaining to Star's Duty to Defend (Case No. 16-3298 d/e 112, Case No. 14-3040 d/e 122) (Motion). To prevail, Indemnity must demonstrate a manifest error of law or fact, or present newly discovered evidence. Fed. R. Civ. P. 59(e); LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). Indemnity argues that the Court made manifest errors and does not present any newly discovered evidence. For the reasons set forth below, the Court sees no manifest error of law or fact. The Motion is DENIED.

## BACKGROUND

Brian Bradshaw, Eric Bradshaw, and Hollis Shafer owned confined area feeding operations (Hog Facilities or CAFO) in Scott County, Illinois, known as Sandstone North, LLC, and Sandstone South, LLC (collectively Sandstone). At various times, Indemnity and Westfield issued insurance policies to Sandstone. Westfield issued policies that covered Sandstone up to November 12, 2008. Thereafter, Sandstone switched its coverage to Indemnity. On August 2, 2009, Sandstone was also made an additional insured on a policy issued by Star to a company called Red Oak Hill. Brian Bradshaw also owned Red Oak Hill. In 2010, Sandstone's

neighbors brought a nuisance suit against Sandstone in Scott County, Illinois Circuit Court, Alvin Marsh, et al. v. Brian Bradshaw, et al., Scott County Case No. 2010-L-3 (Underlying Action).  See Opinion entered October 28, 2019 (Case No. 16-3298 d/e 111, Case No. 14-3040 d/e 121) (Summary Judgment Opinion), at 2-3, 14-15.  The Complaint in the Underlying Action (Underlying Action Complaint) alleged various injuries to the neighbors from the wrongful operations of the Hog Facilities from 2007 onward.

On August 6, 2010, Sandstone tendered the defense of the Underlying Action to the Indemnity, Westfield, and Star.  On November 2, 2010, Sandstone withdrew the tender to Indemnity of the defense of the Underlying Action.  On December 17, 2013, Sandstone re-tendered the defense to Indemnity.  This Court determined at summary judgment that Sandstone could re-tender the defense to Indemnity and that Sandstone's re-tender in this case was effective because it was within a reasonable time under the circumstances.  As a result, Indemnity owed Sandstone a duty to defend the Underlying Action.  Summary Judgment Opinion, at 15-23, 57-58.

Sandstone's attorneys secured a complete dismissal of all claims against Sandstone. Westfield and Star paid for the defense of the Underlying Action. Westfield and Star asked this Court to require Indemnity to pay a pro rata share of the defense costs. The Court determined Indemnity was required to pay a pro rata of the defense costs because the re-tender was effective and was made within a reasonable time. Summary Judgment Opinion, at 57-62. The Court determined that Westfield and Star were entitled to prejudgment interest from the date that Sandstone re-tendered the defense to Indemnity, December 17, 2013. The Court directed the parties to meet and confer to submit an agreed calculation of Indemnity's share of the defense costs and prejudgment interest. Summary Judgment Opinion, at 64.

Indemnity asks the Court to reconsider two aspects of the decision. Indemnity asks the Court to reconsider its decision that Indemnity is liable for defense costs that occurred before the re-tender on December 17, 2013. Second, Indemnity asks the Court to reconsider its findings regarding whether Star had a duty to defend.

## ANALYSIS

The Court sees no error in its determination that Indemnity had a duty to defend the entire Underlying Action. The Court determined as a matter of first impression that an insured that had relieved an insurer of the obligation to defend a lawsuit under Illinois law's "targeted tender doctrine" could re-tender the lawsuit to the insurer and require the insurer to defend. The Court explained that the targeted tender doctrine existed to protect the insured's right to decide which insurer should provide a defense to a particular lawsuit. In order to protect an insured's right to so choose, the Court determined that the insured must be entitled to re-tender a defense to an insurer. Summary Judgment Opinion, at 47-49.

The Court further determined that the re-tender must be made within a reasonable time under existing principles of Illinois for the tender of a defense to an insured. The Court applied the principles for determining the timeliness of a tender approved by the Illinois Supreme Court in West American Ins. Co. v. Yorkville Nat. Bank, 238 Ill.2d 177, 185, 939, 939 N.E.2d 288, 293 (Ill. 2010), and determined that Sandstone's re-tender to Indemnity was within a

reasonable time under the circumstances.  <u>Summary Judgment Opinion</u>, at 49-58.  Because the re-tender was within a reasonable time under the circumstances, Indemnity had a duty to defend the Underlying Action.  A tender of a defense within a reasonable time effectively requires an insurer to pay all the defense costs, even those incurred before the date of the tender of the defense.  See <u>West American Ins. Co. v. Yorkville Nat. Bank</u>, 939 N.E.2d at 292, 296.  Indemnity's duty to defend Sandstone, therefore, extended to all of Sandstone's costs in the Underlying Action, not just those after December 17, 2013.  Because Indemnity had a duty to Sandstone to pay all the defense costs, Westfield and Star were entitled to require Indemnity to pay a pro rata share of the costs.  There was no error.

Indemnity argues that the Court erred because the Illinois Supreme Court held that under the targeted tender doctrine an insurer relieved of the duty to defend, such as Indemnity, could not be required to pay contribution to other insurers that also had duties to defend, such as Westfield and Star.  Indemnity cites as support for its argument the Illinois Supreme Court decisions in <u>Kajima Const. Servs., Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 227 Ill.

2d 102, 108, 879 N.E.2d 305, 310 (2007); John Burns Const. Co. v. Indiana Ins. Co., 189 Ill. 2d 570, 578, 727 N.E.2d 211, 217 (2000). The insureds in Kajima and John Burns Const. selected one insurer to provide the defense of the underlying lawsuit and relieved another insurer from paying those costs. The Kajima and John Burns Const. decisions stated the insured had the right to choose which insurer would pay for the defense. The Kajima and John Burns Const. decisions also stated that allowing the insurer selected to pay defense costs to seek contribution would interfere with the insured's right to choose. Summary Judgment Opinion, at 37; see John Burns Const., 189 Ill.2d at 577, 727 N.E.2d at 217 ("In the present case, however, Burns [the insured] made clear that it did not want Royal [insurer] to become involved in the matter and that the defense was being tendered solely to Indiana [the other insurer]. Therefore, Indiana was foreclosed from seeking equitable contribution from Royal.").

In this case, the insured, Sandstone, effectively re-tendered the defense to Indemnity. Sandstone chose Indemnity to defend the Underlying Action along with Westfield and Star. Allowing Westfield and Star to recover a pro rata share of all the costs from Indemnity

furthered the insured Sandstone's decision that all three companies should provide the defense. The Court's ruling is consistent with Kajima and John Burns Const. because the outcome protects the insured's right to decide which insurance company will provide the defense to a lawsuit. There was no error.

Indemnity argues that starting the accrual of prejudgment interest on the date of the re-tender, December 17, 2013, was inconsistent with finding that Indemnity was liable for a share of all defense costs from the beginning of the Underlying Action. Indemnity is mistaken. The right to prejudgment interest accrues when the right to payment is liquidated and easily ascertainable. See New Hampshire Ins. Co. v. Hanover Ins. Co., 296 Ill.App.3d 701, 709, 696 N.E.2d 22, 28 (Ill. App. 1st Dist. 1998). Westfield and Star's right to contribution was not liquidated until Sandstone made a re-tender to Indemnity. That occurred on December 17, 2013. Prejudgment interest properly accrued from that date. There was no inconsistency or error in the Summary Judgment Opinion.

Indemnity also asks the Court to reconsider its analysis of Indemnity's Other Insurance provisions and its impact on Indemnity's duty to defend. An insurer has a duty to defend if the

complaint in the underlying lawsuit alleges fact which, if proven, could give rise to coverage under the insurer's policy. Summary Judgment Opinion, at 31, (citing Outboard Marine Corp. v. Liberty Mut. Ins. Co., 154 Ill.2d 90, 108, 607 N.E.2d 1204, 1212 (Ill. 1992)). Indemnity's Other Insurance provisions excluded coverage for certain circumstances when other insurance applied to cover the claims alleged in a lawsuit. The Court determined that the Underlying Action Complaint alleged facts, which if proven, could have established liability that was not subject to Indemnity's Other Insurance provisions. The Underlying Action Complaint alleged continuing wrongful acts from 2007 onward. Indemnity was the only insurer that issued policies to Sandstone covering the claims in the Underlying Action for alleged wrongful acts that occurred from November 12, 2008 until August 2, 2009. Because Indemnity was the only insurer during this period, the Underlying Action Complaint alleged wrongful acts that were only covered by Indemnity's policies. The Other Insurance provision did not apply to these alleged wrongs. As a result, Indemnity had a duty to defend. Summary Judgment Opinion, at 33-34.

The Underlying Action Complaint also alleged wrongful acts by Sandstone after August 2, 2009. After August 2, 2009, Sandstone was named as an additional insured for policies issued by Star. The Star policies provided insurance for the actions taken by employees and agents of a third party Red Oak Hill, also owned by Brian Bradshaw. The Underlying Action Complaint alleged wrongful conduct by Sandstone, not Red Oak Hill. The allegations in the Underlying Action Complaint, therefore, could have resulted in liability covered by the Indemnity policies alone. Because the Underlying Action Complaint alleged facts that could have resulted in liability covered by Indemnity alone, the Other Insurance provision did not apply, and Indemnity had a duty to defend. Summary Judgment Opinion, at 34-35.

Indemnity argues that the Court erroneously discussed the possible outcomes of findings of liability if the plaintiffs in the Underlying Action proved some of their claims. Indemnity argues that the Court should have only looked at the allegations in the Complaint and the language of the Indemnity policies. The Court discussed the possible outcomes only to explain that the Underlying Action Complaint alleged facts, which if true, could have resulted in

liability that would have been covered by Indemnity's policies alone. The Court determined Indemnity's duty to defend based only on the possibility of coverage of the facts alleged in the Underlying Action Complaint and the terms of the Indemnity policies. See <u>Outboard Marine Corp.</u>, 154 Ill.2d at 108, 607 N.E.2d at 1212. There was no error.

## CONCLUSION

**THEREFORE, Indemnity Insurance Company of North America's Motion for Reconsideration Under Rule 59(e) Regarding (I) Finding of Equitable Contribution Liability During Period of Deactivation; and (II) Findings Pertaining to Star's Duty to Defend (Case No. 16-3298 d/e 112, Case No. 14-3040 d/e 122) is DENIED.**

**ENTER: January 15, 2020**

                                      <u>s/ Sue Myerscough</u>
                          **UNITED STATES DISTRICT JUDGE**