# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 16-cv-3298 |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 14-cv-3040 |
| HOLLIS SHAFER et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Pending before the Court is Defendant/Counter-Plaintiff Star Insurance Company's (Star) Submission Concerning the Paule Camazine Firm's Involvement in the Underlying Marsh Litigation

Page **1** of **12**

(Case No. 16-3298 d/e 120) (Star Supplemental Filing 120).[1] Star and Westfield Insurance Company (Westfield) paid the costs to defend the defendants (Underlying Defendants) in an underlying action <u>Alvin Marsh, et al. v. Brian R. Bradshaw, et al.</u>, Scott County, Illinois Case No. 2010-L-3 (Underlying Action or <u>Marsh</u> Litigation). Westfield and Star agreed to share the costs of defending the Underlying Action equally. The Underlying Defendants prevailed in the Underlying Action. <u>See</u> <u>Opinion entered October 28, 2019 (Case No. 16-3298 d/e 111, Case No. 14-3040 d/e 121) (Summary Judgment Opinion)</u>, at 25-26.

Star and Westfield now seek reimbursement from Indemnity Insurance Company of North America (Indemnity) for the defense costs in the Underlying Action. This Court has determined that Indemnity is obligated to pay a pro rata one-third share of the defense costs to Star and Westfield, plus prejudgment interest at 5 percent per annum from December 17, 2013 to date of judgment. <u>Opinion entered October 28, 2019 (Case No. 16-3298 d/e 111, Case No. 14-3040 d/e 121) (Summary Judgment Opinion)</u>, at 63-64.

---

[1] Star filed the Star Submission only in Case No. 16-3298. Most filings cited in this Opinion were filed in both of the cases that were consolidated through the dispositive motion phase of the cases, Case Nos. 14-3040 and 16-3298.

The Court directed the parties to meet, confer, and submit an agreed calculation of the fees and costs paid by Westfield and Star to defend the Underlying Action, the pro rata share owed by Indemnity to Westfield and Star, and the appropriate amount of prejudgment interest.  If the parties could not agree, the Court directed the parties to file their own calculations. The Court would then resolve the dispute and enter final judgment. Id. at 64-65.

Indemnity and Westfield agreed that Westfield paid $1,290,443.44 in defense costs for the Underlying Action.  They agreed that according to the Summary Judgment Opinion, Indemnity's pro rata share of Westfield's defense costs was $430,145.31, the prejudgment interest through October 28, 2019 was $105,320.91, and Indemnity's total obligation to Westfield pursuant to the Summary Judgment Opinion was $535,466.22 as of October 28, 2019.  Agreed Calculation Regarding Fees and Costs Pursuant to Opinion Dated October 28, 2019 (Case No. 16-3298 d/e 113, Case No. 14-3040 d/e 123), at 2.[2]

---

[2] By the Court's calculation, one-third of $1,290,443.44 is $430,147.81.  The Court, however, adopts the $430,145.31 figure to which Westfield and Indemnity agreed.  Further, Indemnity and Westfield's agreement on these amounts does not waive or forfeit either party's right to appeal the Summary Judgment Opinion.

Star and Indemnity did not agree to the amount of Indemnity's pro rata share of its defense costs and accrued prejudgment interest. Pursuant to this Court's instructions, Star filed its own calculations. <u>Defendant/Counter-Plaintiff Star Insurance Company's Submission of Damage Calculations, Including Prejudgment Interest as Ordered by the Court (Case No. 16-3298 d/e 115, Case No. 14-3040, d/e 126) (Star Submission 115)</u>, at 3-5. Star stated that it paid $1,380,965.44 in defense costs for the Underlying Action. According to Star, Indemnity's pro rata share was $460,321.81, the prejudgment interest was $116,184.39 as of December 2, 2019, and the total obligation of Indemnity to Star under the Summary Judgment Opinion was $576,506.20 as of December 2, 2019. <u>Id</u>.

Star claims that it paid $90,522.00 more that Westfield in defense costs. Star, in particular, claims that it paid over $75,000.00 more in fees to an attorney who defended the Underlying Action. Westfield and Star both paid attorney fees to the law firm of Hodge, Dwyer, and Driver, which firm subsequently became part of the law firm of Hepler Broom (The two law firms are collectively referred to as Hodge, Dwyer). Westfield asserted at

summary judgment that it paid $1,155,807.78 in fees to Hodge, Dwyer for its half of the defense costs incurred by that firm. Plaintiff Westfield Summary Judgment (Case No. 16-3298 d/e 89, Case No. 14-3040 d/e 99), at 27.  Star asserted at summary judgment that it paid $1,178,067.90 in attorney fees to Hodge, Dwyer.  Plaintiff Star Insurance Company's Motion for Summary Judgment (Case No. 16-3298 d/e 93, Case No. 14-3040 d/e 103) (Star Summary Judgment Motion), at 16.[3]

Indemnity's response to the Star Submission demonstrates that $22,172.90 of the fees paid by Star to Hodge, Dwyer were actually for legal fees incurred in analyzing coverage issues and not for defending the Underlying Action.  Response and Objection to Calculation of Star Insurance Company (Case No. 16-3298 d/e 116, Case No. 14-3040 d/e 127) (Indemnity Objection 116), at 2-4.  The Court, therefore, determines that Star paid $1,155,895.00 in fees to Hodge, Dwyer to defend the Underlying Action.

Star also claims that it paid $54,915.72 in fees to the law firm of Paule Camazine and Blumenthal (Paule Firm).  See Plaintiff Star

---

[3] Star broke the fees paid down to $246,067.90 paid to Hodge, Dwyer & Driver and $932,000.00 paid to Hepler Broom.  Star Summary Judgment Motion, at 16.

Insurance Company's Motion for Summary Judgment (Case No. 16-3298 d/e 93, Case No. 14-3040 d/e 103), at 16.  Westfield did not pay any fees to the Paule Firm.

Indemnity disputed whether the Paule Firm defended the Defendants in the Underlying Action.  Indemnity Objection 116, at 4.  This Court directed Star to submit competent evidence to establish the nature of the Paule Firm's involvement in the Underlying Action, including the identity of its client and the nature of the work performed for that client.  Opinion entered January 16, 2020 (Case No. 16-3298 d/e 119), at 5.[4]

In response, Star submitted the affidavit of Nicholas J. Meinheit, Assistant Vice President-Litigation/Managing Claims Attorney for Star's parent company, AmeriTrust Group, Inc.  Star Supplemental Filing120, Exhibit 1, Affidavit of Nicholas J. Meinheit Concerning the Paule Camazine Firm's Defense of Sandstone in the Underlying *Marsh* Action (Meinheit Affidavit).

Meinheit had primary claims handling responsibility in the Underlying Action for Star.  Meinheit Affidavit ¶ 3.  On September

---

[4] The January 16, 2020 Opinion was not entered in Case No. 14-3040.

27, 2010, Star issued a reservation of rights letter to the Underlying Defendants (Star Letter). Star agreed to defend the Underlying Defendants under a reservation of rights. Star stated in the Star Letter that it assigned the defense to attorney Keith Henson of the Paule Firm. Meinheit Affidavit, Exhibit A, Star Letter, at 1. On November 3, 2010, attorney Jennifer Martin of Hodge, Dwyer sent a letter to Star (Hodge, Dwyer Letter). Meinheit Affidavit, Exhibit B, Hodge, Dwyer Letter. Martin stated that, under Illinois law, Star had a conflict of interest due to its reservation of rights and the Underlying Defendants were entitled to pick their own defense counsel. Martin stated that the Underlying Defendants had retained Hodge, Dwyer to defend them in the Underlying Action. Martin further stated that the Underlying Defendants would waive the conflict and agree to attorney Henson of the Paule Firm acting as primary defense counsel as long as Hodge, Dwyer was co-counsel and Star reimbursed costs incurred by Hodge, Dwyer in defending the Underlying Action. Hodge, Dwyer Letter, at 2-3.

    Meinheit states that Star agreed, and Henson represented the Underlying Defendants in the Underlying Action as co-counsel with Martin and other members of Hodge, Dwyer. Meinheit Affidavit ¶ 9.

The billings submitted by Star for both the Hodge, Dwyer firm and the Paule firm show Henson and Hodge, Dwyer lawyers (Martin and Edward Dwyer and others) worked together to defend the Underlying Action.  Henson primarily worked on the pleading, discovery, and pretrial phases of the case.  See <u>Star Summary Judgment Motion</u>, Exhibit S, <u>Hodge, Dwyer Billings</u>, at Star 000419-28, 00467-70, 000473-76, 000486-89, 000497-98, 000507-11, 000514-17, 000522-25, and 000611-14 (references to legal services performed with attorney Henson); and Exhibit V, <u>Paule Firm Billings</u>, at Star 002832-34, 002836-38, 004563, 004608-09, 004626-29, 004639.[5]  Based on this evidence, the Court finds that the Paule Firm represented the Defendants in the Underlying Action as co-counsel with the Hodge, Dwyer firm.

The Paule Firm submitted billings to Star for $54,915.72 in fees and costs to defend the Underlying Action.  <u>Star Summary Judgment Motion</u>, Exhibit V, <u>Paule Firm Billings</u>.  This Court previously found that the fees were reasonable, noting that Indemnity did not challenge the reasonableness of any of the

---

[5] Page citations to Hodge, Dwyer Billings and Paule Firm Billings are to Bates Stamp page number.

billings submitted by either Star or Westfield at summary judgment. See Summary Judgment Opinion, at 27-28, 58. Star, therefore, is entitled to recover a pro rata share of the Paule Firm's fees from Indemnity.

Indemnity has not challenged the reasonableness of any of the other expenses paid by Star to defend the Underlying Action. The Court previously found them to be reasonable at summary judgment, and Star is entitled to recover from Indemnity a pro rata share of those other expenses. The Court, therefore, finds that Star paid $1,358,792.54 in defense costs ($1,380,965.44 - $22,172.90). Indemnity's pro rata share of the obligation to pay those fees, therefore, is $452,930.85.

Westfield and Star are entitled to 5 percent per annum prejudgment interest from December 17, 2013. The agreed amount of Indemnity's pro rata share of Westfield's costs was $430,145.31. Five percent interest on $430,145.31 is $21,507.27 ($430,145.31 x .05). The interest that accrued for the seven years of 2014 through 2020 is $150,550.89 ($21,507.27 x 7). The per diem interest for the 14 days beginning of December 17, 2013 through December 31,

2013 and the 90 days from January 1, 2021 through March 31, 2021 is $6,128.10 ($21,507.27 ÷ 365 x 104).  The total is:

| | |
|---|---|
| Indemnity Pro rata share of Westfield's payment of defense costs | $430,145.31 |
| Annual Interest for 2014-2020 | $150,550.89 |
| Per Diem Interest for December 17-31, 2013 and January 1-March 31, 2021 | $   6,128.10 |
| Total due Westfield | $586,824.21 |

The Court, therefore, enters judgment in favor or Westfield and against Indemnity in the sum of $586,824.21.

Indemnity's pro rata share of defense costs incurred by Star is $452,938,85.  Five percent interest on $452,938.85 is $22,646.94 ($452,930.85 x .05).  The interest that accrued for the years 2014 through 2020, therefore, is $158,528.58 ($22,646.94 x 7).  The per diem interest for the 14 days beginning December 17, 2013 through December 31, 2013 and the 90 days from January 1, 2021 through March 31, 2021 is $6,452.83 ($22,646.94 ÷ 365 x 104).  The total is:

| | |
|---|---|
| Indemnity Pro rata share of Star's payment of defense costs | $452,938.85 |

| | |
|---|---|
| Annual Interest for 2014-2020 | $158,528.58 |
| Per Diem Interest for December 17-31, 2013 and January 1-March 31, 2021 | $    6,452.83 |
| Total due Star | $617,920.26 |

The Court, therefore, enters judgment in favor or Star and against Indemnity in the sum of $617,920.26.

Because the Court hereby enters final judgment, Westfield's Rule 54(b) Motion for Entry of Judgment (Case No 16-3298 d/e 121, Case No. 14-3040 d/e 131) is denied as moot.

## CONCLUSION

**THEREFORE, this Court enters judgment in favor of Westfield Insurance Company and against Indemnity Insurance Company of North America in the sum of $586,824.21; and enters judgment in favor of Star Insurance Company and against Indemnity Insurance Company of North America in the sum of $617,920.26.  The Clerk is directed to enter this Opinion, and a Judgment pursuant to Fed. R. Civ. P. 58, in each of these two consolidated cases, but Westfield Insurance Company and Star Insurance Company are only entitled to one**

recovery.  Westfield's Rule 54(b) Motion for Entry of Judgment (Case No 16-3298 d/e 121, Case No. 14-3040 d/e 131) is DENIED as moot.  All other motions are denied as moot.  This case is CLOSED.

ENTER:   March 31, 2021

                                s/ **Sue Myerscough**
                         **UNITED STATES DISTRICT JUDGE**